LAURIE MACLEAN *vs.* BOARD OF REGISTRATION IN NURSING. January 21, 2011. *Board of Registration in Nursing. Nurse. License. Administrative Law*, Proceedings before agency, Substantial evidence.

Laurie MacLean appeals from an order of a single justice of this court affirming an order of the Board of Registration in Nursing (board) suspending for six months both her license to practice as a registered nurse and her right to renew her license to practice as a licensed practical nurse. We affirm.

*Background.* On February 15, 2008, the board issued an order to show cause to MacLean directing her to appear and show cause why her license to

---

practice as a registered nurse should not be suspended, revoked, or otherwise disciplined pursuant to G. L. c. 112, § 61, and 244 Code Mass. Regs. § 9.03 (2000) for falsifying a telephone order for medication; administering medications without valid authorization; and failing to document the need for medication administered to a particular patient. After a hearing, administrative hearings counsel for the board issued a tentative decision concluding that MacLean had engaged in questionable nursing practices, had demonstrated a propensity for deceit and unsuitable behavior, and was subject to discipline. The board adopted the decision and ordered MacLean's license to practice as a registered nurse as well as her right to renew her license to practice as a licensed practical nurse suspended for six months.[1] Additionally, the board conditioned Mac-Lean's relicensure on her demonstrating her ability to practice nursing in a safe and competent manner, including, among other things, undergoing a comprehensive mental health evaluation and completing various continuing education programs. MacLean appealed from the decision pursuant to G. L. c. 112, § 64, and a single justice of this court affirmed the board's decision.

The basis for the order to show cause was an event that occurred on June 4, 2006. At the time, MacLean was employed as a registered nurse (RN) by Nursefinders Agency and assigned to the Hunt Nursing and Retirement Home in Danvers. One of the patients under her care on June 4 was referred to as Patient A. Patient A had several physician's orders for pain management. In the early afternoon, MacLean made a telephone call to the on-call nurse practitioner (NP) to discuss pain management for the patient. When the NP returned the call, MacLean relayed to her a recommendation for medication from a hospice nurse. The NP disagreed with the recommendation and ordered the administration of methadone every twelve hours and morphine every three hours as needed. The NP also learned from MacLean, during the telephone call, that MacLean had actually already administered methadone, prior to speaking with the NP. Furthermore, at some point during that day, MacLean wrote and signed an order for the immediate administration of methadone. MacLean did not have the authority either to create the order or to administer the medication, i.e., methadone, without an appropriate order.

*Discussion.* "Under G. L. c. 112, § 64, a person whose license to practice medicine has been revoked may petition the court to 'enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided' in G. L. c. 30A, § 14 (7). *Fisch* v. *Board of Registration in Med.*, 437 Mass. 128, 131 (2002). The court may modify or set aside the board's final decision only if the petitioner demonstrates that the decision was legally erroneous, procedurally defective, unsupported by substantial evidence, arbitrary or capricious, or contained one or more of three other enumerated defects not at issue here. *Id.*" *Weinberg* v. *Board of Registration in Med.*, 443 Mass. 679, 685 (2005).

MacLean has made no such demonstration. Her submissions to this court on appeal from the single justice's order do not rise to the level of adequate appellate argument and fail to establish any coherent basis for relief. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Nevertheless, to the extent that we are able to discern her arguments, we briefly address them.

---

[1] MacLean became licensed to practice as a registered nurse in 1996. She had previously been licensed to practice as a licensed practical nurse, in 1991, but that license expired in 1997.

1030               458 Mass.

Rescript Opinions.

In 2007, after the above-described incident but before the board issued the order to show cause, MacLean filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) claiming that the "Department of Public Health, Board of Nursing Department" discriminated against her on the basis of race. The MCAD declined to authorize an investigation of MacLean's complaint on the ground that it lacked jurisdiction to do so. MacLean now appears to argue that the board's suspension of her license was in retaliation for her having filed a complaint with the MCAD. There is nothing in the record to support a claim of retaliation. While the order to show cause did refer to the MCAD complaint, it did so only because the MCAD complaint, in the board's view, contained "irrational and illogical statements" that exemplified the board's concern about MacLean's ability to practice nursing in a safe and competent manner. The MCAD complaint was but one of other similar statements made by MacLean that concerned the board in this respect. Furthermore, as we have noted, although the order to show cause was not issued until after MacLean had filed her complaint with the MCAD, the event that prompted the investigation occurred before MacLean filed the complaint.

MacLean also appears to argue that the board's decision was not based on substantial evidence. She does not, however, provide any clear support for this position. She suggests that she acted properly in administering pain medication to patient A, and that she clarified orders with other nurses. The board, however, in reaching its conclusion that MacLean acted improperly, specifically did not credit her testimony. "[I]t is for the agency, not the reviewing court, to weigh credibility of witnesses and resolve factual disputes involving contradictory testimony." *Duggan* v. *Board of Registration in Nursing*, 456 Mass. 666, 674 (2010), quoting *Cobble* v. *Commissioner of the Dep't of Social Servs.*, 430 Mass. 385, 393 n.8 (1999). There is no suggestion in the record that the board's credibility determinations were unfounded. See *Fisch*, *supra* at 138. MacLean also states that the "pertinent documents" are accurate but does not specify the documents to which she refers.

Furthermore, MacLean failed to provide to the single justice and to the full court a copy of the transcript of the hearing before the board. See *Covell* v. *Department of Social Servs.*, 439 Mass. 766, 782 (2003) ("That a transcript must be submitted to support a claim that the evidence was insufficient is not some hypertechnical requirement, but a reflection of the fact that resolution of such a claim requires the reviewing court to see the entirety of the evidence that was presented. In the absence of such a transcript, both sides have had to rely exclusively on the contents and analysis reflected in the hearing officer's decision"). Even if MacLean had otherwise presented clear arguments regarding the substantiality, or lack thereof, of the evidence, our review of that claim would be hindered by the limited record before us.

*Conclusion.* MacLean has not demonstrated on the record before us that the board's decision to suspend her license to practice as an RN and her right to renew her license to practice as a licensed practical nurse for six months was not supported by substantial evidence, or that it was arbitrary or capricious or based on any error of law. The order of the single justice is therefore affirmed.

*So ordered.*

*Laurie MacLean*, pro se.

*Benjamin J. Weber*, Assistant Attorney General, for the defendant.